UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of<br>KONINKLIJKE PHILIPS N.V.<br><br>　　　　　　　　　　　Applicant. | Case No.: 17-MC-1681-WVG<br><br>**ORDER GRANTING *EX PARTE*<br>APPLICATION FOR AN ORDER<br>UNDER 28 U.S.C. § 1782(a)<br>PERMITTING SUBPOENA** |

On December 20, 2017, Applicant Koninklijke Philips N.V. ("Applicant") filed an *ex parte* Application for an order permitting a subpoena pursuant to 28 U.S.C. Section 1782(a). Pursuant to Civil Local Rule 7.1, the Court concludes this matter is suitable for resolution without oral argument. For the reasons that follow, the Court **GRANTS** the unopposed *ex parte* Application.

## I. BACKGROUND

On December 15, 2015, Applicant filed a patent infringement lawsuit in the High Court of Justice of England and Whales against Asus Technology PTE. Ltd and HTC Corporation. (Appl., ECF No. 1-2 at 3:20-22.) On March 7, 2017, in response to discovery requests, HTC identified Qualcomm, Inc. ("Respondent") as the source of relevant information. (*Id*. at 4:1-9.) Applicant requested that Respondent voluntarily produce the specific information needed in the foreign litigation and offered to compensate Respondent

1

for reasonable costs associated with gathering and producing the information. (*Id*. at 4:10-19.) Respondent declined to provide the information voluntarily. (*Id*. at 4:19-22.)

On December 20, 2017, Applicant filed the present *ex parte* Application. On December 29, 2017, the Court issued a briefing schedule, requiring Respondent to file any opposition to the Application on or before January 19, 2018, and Applicant to file a reply on or before January 26, 2018. (*See* ECF No. 5.) On January 9, 2018, Respondent filed a response indicating it "does not oppose [Applicant's] 1782 Application." (ECF No. 10.) On January 25, 2018, Applicant filed a reply noting Respondent's non-opposition. (ECF No. 12.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. Section 1782, a district court may order the production of documents for use in legal proceedings abroad. An applicant for such an order must, however, satisfy three statutory requirements before a district court can grant the request. First, the person from whom discovery is sought must "reside" or "be found" within the district. 28 U.S.C. § 1782(a). Second, the discovery must be "for use" in a proceeding in a foreign tribunal. *Id*. Finally, the applicant must either be the foreign tribunal or an "interested person" in the litigation. *Id*.

Even where an applicant satisfies these conditions, a district court may still exercise its discretion in determining whether to grant or deny a Section 1782 application. In doing so, a district court may give consideration to the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the nature of the foreign tribunal, the character of the proceedings underway, and the receptivity of the court to U.S. federal-court assistance; (3) whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

/ / /

/ / /

# III. DISCUSSION

## A. Statutory Requirements

Applicant satisfies the statutory requirements imposed by Section 1782. Respondent maintains its principal place of business in San Diego, California, which is located within the Southern District of California. (Chung Decl. ¶ 11; Ex. 9.) As a party to the ongoing litigation in the English court, Applicant is an "interested party." *See Intel*, 542 U.S. at 256. Lastly, Applicant has met its burden to show that the documents sought are "for use" in the litigation in the United Kingdom.

## B. Discretionary Factors

Under *Intel's* first discretionary factor, courts consider whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. When the party from whom discovery is sought is a participant in that proceeding, the need for discovery pursuant to Section 1782 "is not as apparent as … when evidence is sought from a nonparticipant" because the foreign court "has jurisdiction … and can itself order" the production of evidence. *Id*.

Here, Respondent is not a party to the foreign proceeding. (Appl. at 7:19-8:2.) Thus, this factor weighs in favor of granting the Application.

The second *Intel* factor tasks the Court with considering the character of the foreign proceeding and how receptive foreign courts are to receiving evidence obtained through Section 1782 discovery. *Intel*, 542 U.S. at 264. When the parties do not provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery. *See*, *e.g.*, *Nikon Corp. v. ASML US Inc.*, 2017 WL 4024645, at *3 (D. Ariz. Sept. 12, 2017).

Applicant has averred that the character of the patent infringement litigation in the English court is complex and will rely on the technical evidence Respondent may provide. (Appl. at 8:17-9:2.) Furthermore, neither party has provided evidence showing the English court would reject evidence obtained pursuant to Section 1782. Thus, this factor weighs in favor of granting the Application.

| | |
|---|---|
| 1 | Moving to the third Intel factor, the Court must examine whether the request |
| 2 | "conceals an attempt to circumvent foreign proof gather restrictions or other policies." |
| 3 | *Intel*, 542 U.S. at 264. |

Moving to the third Intel factor, the Court must examine whether the request "conceals an attempt to circumvent foreign proof gather restrictions or other policies." *Intel*, 542 U.S. at 264.

Here, Applicant is unaware of any English rule or policy that prohibits the gathering of the evidence sought. (Appl. at 9:16-25.) Moreover, the English court is aware that Applicant intended to seek discovery from Respondent pursuant to Section 1782. (Id. at 9:11-13.) Thus, this factor weighs in favor of granting the Application.

Lastly, under the fourth *Intel* factor, the Court may reject or trim a discovery request that is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Here, Applicant claims to be seeking information on "a single discrete subject pertaining to Qualcomm chipsets implemented in a specific accused mobile device[.]" (Appl. at 10:7-10.) Respondent has not objected to this as being unduly intrusive or burdensome. Thus, this factor weighs in favor of granting the Application.

## IV. CONCLUSION

After analyzing the statutory requirements and balancing the discretionary factors, the Court finds it appropriate to **GRANT** Applicant's request. Accordingly, Applicant is hereby authorized to seek discovery from Respondent pursuant to 28 U.S.C. Section 1782(a).

**IT IS SO ORDERED**.

Dated: January 30, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge